843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin McCALLISTER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3820.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1988.
Decided April 1, 1988.
 
 Paul Hentemann for petitioner.
 Robert Kirschman, Jr., U.S. Department of Labor, Office of the Solicitor (George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Marta Kusic on brief) for respondent.
 Before HARRISON L. WINTER, Chief Circuit Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Calvin McCallister appeals an order of the Benefits Review Board denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding this decision supported by substantial evidence, we affirm.
 
 
 2
 McCallister filed his claim for black lung disability benefits on November 17, 1980. After the Department of Labor denied the claim, McCallister requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ denied the claim, concluding that the medical evidence failed to establish that McCallister was totally disabled by pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c) (1987). Specifically, the ALJ determined that the only physician's report suggesting total disability was not a reasoned medical judgment. The Benefits Review Board affirmed, and McCallister appealed.
 
 
 3
 20 C.F.R. Sec. 718.204(c)(4) provides that when total disability cannot be established under the first three sections of Sec. 718.204(c),[1] "total disability may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment." Only one physician's report in the record suggested that McCallister was totally disabled by pneumoconiosis.[2] This report was supplied by Dr. Murray D. Altose who gave the following diagnoses and opinions:
 
 
 4
 The chest roentgenograms show evidence consistent with pneumoconiosis. There is an impairment in pulmonary function characterized by a reduction in functional capacity of the lung for carbon monoxide. On the basis of these findings, it is my opinion that Mr. McCallister has coal workers' pneumoconiosis and is disabled from a respiratory standpoint from carrying out his previous coal mine work.
 
 
 5
 We agree that this report is not a "reasoned medical judgment" within the meaning of Sec. 718.204(c)(4) because Dr. Altose failed to state the reasons supporting his conclusion. In fact, Dr. Altose's opinion seems contrary to a majority of the tests and examinations he conducted. For example, Dr. Altose interpreted a chest x-ray as reflecting evidence of only simple pneumoconiosis, and his findings from a physical examination of McCallister's chest, heart, and abdomen were essentially normal. An electrocardiogram also revealed normal readings, and the results of the ventilatory studies and blood gas tests were not sufficient to establish a finding of total disability.
 
 
 6
 Accordingly, we conclude that the decision of the Benefits Review Board was supported by substantial evidence and therefore affirm.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 20 C.F.R. Sec. 718.204(c)(1), (c)(2), (c)(3) provide that total disability may be established by certain values obtained in pulmonary function tests or arterial blood-gas tests, or by medical evidence that the claimant is suffering from cor pulmonale with right sided congestive heart failure. McCallister does not dispute the fact that he failed to establish total disability under these sections
 
 
 [2]
 Two other physician's reports are included in the record. Dr. Franklin D. Krause examined McCallister on November 28, 1980. Dr. A. Larry Boulware provided his findings regarding McCallister's condition in a report dated April 1, 1981. Neither physician suggested total disability